# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

LOUIS BLOOM and NANCY BLOOM,

                Plaintiffs,

         -vs-

PROMAXIMA MANUFACTURING LTD.,

                Defendant.

DECISION and ORDER

05-CV-6735-CJS

---

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Angelo G. Faraci, Esq.<br>Matthew F. Belanger, Esq.<br>Faraci Lange LLP<br>28 East Main Street Suite 1100<br>Rochester, NY 14614<br>(585) 325-5150 |
| For Defendants: | Charles D. Cole , Jr., Esq.<br>Lon VanDusen Hughes, Esq.<br>Newman Fitch Altheim Myers, P.C.<br>14 Wall Street 22nd Floor<br>New York, NY 10005<br>(212) 619-4350 |

## INTRODUCTION

**Siragusa, J.** Following a jury verdict in Defendant's favor, this matter is now before the Court on Plaintiff's motion (Docket No. 167) for judgment as a matter of law, or, in the alternative, for a new trial. For the reasons stated below, Plaintiff's application is denied in its entirely.

## FACTUAL BACKGROUND

On May 16, 2004, at approximately 7:30 a.m., Plaintiff Louis Bloom ("Bloom"), was working out at a fitness center using a Roman chair manufactured by ProMaxima

Manufacturing, Ltd. ("ProMaxima"). The Roman chair was a piece of equipment Bloom had previously used without incident. However, on this occasion, when Bloom put his legs under the foot rest T bar on the Roman chair, the T-bar came out, and he fell head first to the floor sustaining injuries. At trial, the jury determined that the Roman chair was defective for lack of a warning, but that the defect was not a proximate cause of Bloom's injuries. In the subject motion, Plaintiffs contend that the evidence was insufficient to permit a reasonable juror to find for ProMaxima on the proximate cause issue.

## STANDARDS OF LAW

During trial, Plaintiffs moved under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law. Plaintiffs now renew their motion pursuant to Rule 50(b), which provides in relevant part as follows:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). As the Second Circuit wrote in *Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276 (2d Cir. 1998):

> "The posttrial motion is limited to those grounds that were 'specifically raised in the prior motion for [JMOL]'"; the movant is not permitted to add new grounds after trial. *McCardle v. Haddad*, 131 F.3d 43, 51 (2d Cir.1997) (quoting *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir.1993)); *see, e.g., Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers*, 34 F.3d 1148, 1155 (2d Cir.1994) ("Cruz v. Local Union

> No. 3"); *Lambert v. Genesee Hospital*, 10 F.3d 46, 53-54 (2d Cir.1993) ("the specificity requirement is obligatory"), *cert. denied*, 511 U.S. 1052 (1994); *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 367 (2d Cir.1988).

*Id*. at 286. Federal Rule of Civil Procedure 59 permits a court to grant a motion for a new trial, stating, in pertinent part:

> Rule 59. New Trial; Altering or Amending a Judgment
>
> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court….

Fed. R. Civ. P. 59(a)(1)(A).

## ANALYSIS

Plaintiffs' argument is that the finding by the jury that Bloom's conduct was the sole cause of his accident cannot be based on any fair view of the evidence. (Pl.'s Mem. of Law 7.)

> Plaintiffs certainly concede that a jury could have determined that Mr. Bloom bears some responsibility for the accident, but this jury determined that he bears the entire responsibility. Given the evidence in this case and the fact that the jury found for the plaintiff on the failure to warn claim, the jury's verdict is unsupportable on the evidence and is illogical given the operative law.

(*Id*.) With respect to an application challenging a jury verdict by a party who bears the burden of proof, the Second Circuit has advised:

> It is rare that the party having the burden of proof on an issue at trial is entitled to a directed verdict. *Service Auto Supply Co. of Puerto Rico v. Harte & Co.*, 533 F.2d 23, 24-25 (1st Cir. 1976); *Powers v. Continental Casualty Co.*, 301 F.2d 386, 388 (8th Cir. 1962). A verdict should be directed in such instances only if the evidence in favor of the movant is so overwhelming that the jury could rationally reach no other result. *See United California Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1356 (9th Cir. 1977); *Mihalchak v. American Dredging Co.*, 266 F.2d 875, 877 (3d Cir.), *cert. denied*, 361 U.S. 901 (1959).

*Granite Computer Leasing Corp. v. Travelers Indem. Co.*, 894 F.2d 547, 551 (2d Cir. 1990).

Here, the jury answered two questions that bear upon the application before the Court:

> 3. Have the Plaintiffs, Louis and Nancy Bloom, proven that the Pro-Maxima Roman Chair was defective because of a failure to warn?
>
> YES ✓   NO ___
>
> 4. Have the Plaintiffs, Louis and Nancy Bloom, proven that any defect in the Pro-Maxima Roman Chair because of a failure to warn was a substantial factor in causing the accident to Louis Bloom?
>
> YES ___   NO ✓

(Jury Verdict ¶¶ 3 & 4.) Plaintiffs argue that the jury did the one thing it could not do, which was to find that Bloom was 100% at fault for his accident. Essentially, Plaintiffs are attacking the verdict sheet, to which they made no objection during the charge conference when it was reviewed, or prior to its submission to the jury, or prior to the jury's discharge. *U.S. Football League v. National Football League*, 842 F.2d 1335, 1367 (2d Cir. 1988) ("a party's failure to bring alleged inconsistencies in the verdict sheet to the court's attention before the jury has been discharged waives the right to have the alleged inconsistencies remedied by a new trial.").

The Court first considers Plaintiffs' Rule 50(b) motion. At trial, Plaintiffs' Rule 50(a) application consisted of, "we also have a cross-motion under 50(a)." (Transcript (Docket No. 174) (Feb. 1, 2010) 3.) Plaintiffs' Rule 50(a) motion was not specific, and the Court's review of the charge conference transcript does not reveal that Plaintiffs argued then what they now contend is decisive: that the jury could not find Bloom 100% liable if they also found the Roman chair defective for a failure to warn. Nor do Plaintiffs contend that they raised the issue prior to the jury's dismissal. Had it been raised then, or prior to the Court's

charge to the jury, the Court could have addressed it. Since Plaintiffs' Rule 50(a) motion lacked the specificity now argued in their Rule 50(b) motion, the Court is unable to consider the Rule 50(b) motion on the grounds Plaintiffs now raise for the first time.

Moreover, beyond any possible procedural flaw, Plaintiffs' motion for judgment as a matter of law fails on the merits. The gist of Plaintiffs' argument seems to be that they are entitled to judgment as a matter of law because the jury's verdict is inconsistent. At trial, the Court forewarned counsel that an inconsistent verdict might not require a new trial, and, in that regard, the Second Circuit wrote:

> If the inconsistency between special verdict answers is noticed prior to the dismissal of the jury, the trial court has the discretion to resubmit the issues to the jury with a request for clarification, *see Guidry v. Kem Manufacturing Co.*, 604 F.2d 320 (5th Cir.1979), whether or not the parties themselves request clarification. If the court elects not to seek clarification from the jury, or if the inconsistency is not noticed until after the jury has been dismissed, the court must take one of two actions. "It is the duty of the court to attempt to harmonize the answers, if it is possible under a fair reading of them." C. Wright & A. Miller, Federal Practice and Procedure § 2510, at 515 (2d ed. 1971) (footnote omitted). Thus, "[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. [355] at 364 [(1962)]; *see* 5A Moore's Federal Practice ¶ 49.03[4], at 49-29 ("When the jury's findings appear to be inconsistent with each other, the Seventh Amendment requires that if there is a view of the case which makes the jury's answers to special interrogatories consistent, the court must adopt that view and enter judgment accordingly." (footnote omitted)). If there is no way to harmonize the jury's answers, the court must order a new trial.

*Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir. 1988). Moreover, during trial the Court pointed out to counsel the case of *Burke v. Spartanics, Ltd.*, 252 F.3d 131 (2d Cir. 2001), where the Second Circuit stated:

> But of course a defendant's liability will not arise from a breach of duty alone. Instead, the plaintiff must show, in addition, that "the failure to warn [was] a substantial cause of the events which produced the injury." *Billsborrow v. Dow Chem.*, 177 A.D.2d 7, 579 N.Y.S.2d 728, 733 ([N.Y. App. Div.] 2d Dep't

1992). And "where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious, lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger." *Liriano II*, 677 N.Y.S.2d 764, 700 N.E.2d at 308; *accord Smith v. Stark*, 67 N.Y.2d 693, 499 N.Y.S.2d 922, 490 N.E.2d 841, 842 (1986). Thus, it may well be the case that a given risk is not "obvious," in the sense of precluding any duty to warn, but that nevertheless, because the risk was well understood by the plaintiff, a warning would have made no difference. *See Brady*, 711 N.Y.S.2d at 634-36 (distinguishing issue of whether risk was "open and obvious" from issue of whether plaintiff had "actual knowledge of the hazard"). And the failure to warn was therefore not a cause of the harm.

*Id*. at 139.

Reviewing the evidence here, the Court determines that the jury's verdict can be harmonized with its finding that the Roman chair was defective for lack of a warning. The jury took the Roman chair into the deliberation room and presumably examined it. The evidence before them supported a determination that since the Roman chair was in a public facility, it was necessary that it carry a warning about the danger of separation to caution unknowledgeable users. However, the evidence also supported a determination that Bloom used the Roman chair three or four times each week.[1] Consequently, it was within the province of the jury to reject Bloom's testimony that he did not know, until the day of the accident, that the T-bar could separate from the sleeve even if the pin locked in place. Therefore, as to Bloom, the jury, based upon the evidence, could have determined that a warning was unnecessary.

---

[1]Although Bloom testified at trial that he only went to the exercise facility two or three times a week, in his deposition testimony he testified that he customarily worked out three or four days per week. (Trial Transcript (Jan. 27, 2010) Docket No. 164, at 28–30.) The jury was free to adopt that version and reject the version Bloom presented at trial. Fed. R. Evid. 801(d)(1)(A).

Plaintiffs also seem to argue that even if Bloom was an experienced user of the Roman chair, based upon expert testimony at trial, a warning was necessary as a matter of law to remind him about the potential of separation. The Court disagrees. Whether to accept or reject any expert opinion is clearly with in the province of the jury. In making their argument, Plaintiffs rely on *Liriano v. Hobart*, 170 F.3d 264 (2d Cir. 1999). The Court finds that such reliance is misplaced and that *Liriano* does not support Plaintiffs' position. In responding to the Second Circuit's certified question on a manufacturer's liability for a failure to warn, the New York Court of Appeals wrote on the state of New York law:

> Thus, where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious, lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger…. Thus, in appropriate cases, courts could as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury…. Nevertheless, in cases where reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard, the question is one for the jury.

*Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 241 (1998) (citations omitted). The Court of Appeals also observed that, "[f]ailure-to-warn liability is intensely fact-specific…." *Id.* at 243. Thus, under New York law, applicable here, a jury could determine that Plaintiff "was fully aware of the hazard through general knowledge, observation or common sense" and thus the missing warning was not a causation of his injuries. The Court does not find that the evidence is "so overwhelming that the jury could rationally reach no other result," but to find Defendant liable, at least to some degree, for Plaintiff's injuries. Thus, the Court finds no basis to grant a Rule 50(b) motion.

With respect to the alternative relief they seek, Plaintiffs contend a new trial is necessary "because there is no evidence in the record to support the jury's finding that the lack of a warning was not *a* cause of Mr. Bloom's accident. Since this finding is against the weight of the credible evidence and is a miscarriage of justice, we request that this Court exercise its discretion pursuant to Rule 59 and order a new trial." (Pl.'s Mem. of Law (Docket No. 169) 2 (emphasis in original).) The Second Circuit cautions that a motion for a new trial should not ordinarily be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998). Here, the Court does not find either condition has been met.

## CONCLUSION

Plaintiff's motion (Docket No. 167) for judgment as a matter of law, or, in the alternative for a new trial, is denied.

IT IS SO ORDERED.

Dated: April 15, 2010
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge