**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

LOUIS BLOOM and NANCY BLOOM,

                Plaintiffs,

-vs-

PROMAXIMA MANUFACTURING COMPANY,
M-F ATHLETIC COMPANY, INC., PROMAXIMA
MANUFACTURING, LTD.,

                Defendants.

PROMAXIMA MANUFACTURING, LTD.,

                Cross-Claimant

-vs-

M-F ATHLETIC COMPANY, INC.,

                Cross-Defendant.

M-F ATHLETIC COMPANY, INC.,

                Cross-Claimant,

-vs-

PROMAXIMA MANUFACTURING, LTD.,

                Cross-Defendant.

CORRECTED

DECISION and ORDER

05-CV-6735-CJS

| | |
|---|---|
| For Defendants ProMaxima Manufacturing Company, ProMaxima Manufacturing, Ltd. | Charles D. Cole , Jr., Esq.<br>Lon VanDusen Hughes, Esq.<br>Newman Fitch Altheim Myers, P.C.<br>14 Wall Street 22nd Floor<br>New York , NY 10005<br>(212) 619-4350<br>Fax: (212) 619-3622<br>Email: dcole@nfam.com |
| For Defendant M-F Athletic Company, Inc. | Robert M. Shaddock, Esq.<br>Hiscock & Barclay LLP<br>2000 HSBC Plaza<br>100 Chestnut Street<br>Rochester , NY 14604<br>(585) 295-4454<br>Fax: (585) 325-7570<br>Email: rshaddock@hiscockbarclay.com |

## INTRODUCTION

**Siragusa, J.** This diversity personal injury case is before the Court for consideration of the following motions: Docket No. 183, a motion filed by ProMaxima Manufacturing Company/ProMaxima Manufacturing Ltd. ("ProMaxima") for summary judgment dismissing the cross-claims of M-F Athletic Company, Inc., for contribution and indemnity; and Docket No. 188, M-F Athletic Company, Inc.'s ("M-F Athletic"), motion for an Order pursuant to Federal Rule of Civil Procedure 41 discontinuing its cross-claim against ProMaxima without prejudice. For the reasons stated below, ProMaxima's motion is granted, and M-F Athletic's motion is denied. This corrected decision fixes a typographical error on page seven of the originally docketed Decision and Order.

## FACTUAL BACKGROUND

On May 16, 2004, at approximately 7:30 a.m., Plaintiff Louis Bloom, was working out at the fitness center located at The Lodge at Woodcliff. He was using a Roman chair manufactured by ProMaxima and sold to Woodcliff Associates LLC, d/b/a The Lodge at

Woodcliff ("Woodcliff") by M-F Athletic in August 2000. The Roman chair was a piece of exercise equipment that Plaintiff had successfully used three to four times per week for seven years. However, on this occasion when Plaintiff put his legs under the foot rest T bar on the Roman chair, the T bar came out, and Plaintiff fell head first to the floor sustaining injuries.

ProMaxima assembled, wrapped and shipped the chair on a truck to Woodcliff directly from its facilities. ProMaxima did not provide any instruction manual, user guide or written information on the use of the Roman chair. ProMaxima designed the Roman chair in 1981 or 1982 and, the chair, as designed, has a foot restraint bar that can be raised or lowered into a sleeve to fit the user's personal preference. A pin is slid through one of the holes on the sleeve and into one of the holes on the restraint bar to lock it in position, but the design of the chair precludes seeing the hole in the restraint bar, and, consequently, the user must rely on the audible "click" of the spring-loaded pin to know it has gone into a hole. Unfortunately, it is possible to put the restraining pin into a hole *below* the restraint bar and still hear the "click" as the spring pushes it into place, but in that position, the pin does not engage the restraint bar. This is what Woodcliff contends Plaintiff must have done.

From the time of its receipt, Woodcliff had had no complaints from users about the Roman chair, and no modifications or repairs had been made to it. Once per year, Woodcliff had all the equipment in its fitness center inspected by an independent company owned by Charles "Chip" Pittman. During his annual inspections, Mr. Pittman never found that the pin was in need of repair.

The case was tried to a jury in early 2010. During the trial, Plaintiffs reached a settlement with M-F Athletic. On February 2, 2010, the jury reached a verdict of "no cause" against ProMaxima Manufacturing Company. Although the did specifically find that the Roman chair was "defective because of a failure to warn," it determined that Plaintiffs had not "proven that any defect in the ProMaxima Roman Chair because of a failure to warn was a substantial factor causing the accident to Louis Bloom." (Jury Verdict ¶¶ 3 & 4 (Docket No. 162).)

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the

non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by

omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

### *Voluntary Dismissal*

Federal Rule of Civil Procedure 41 provides in pertinent part as follows:

(a) Voluntary Dismissal.

  (1) By the Plaintiff.

    (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

      (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

      (ii) a stipulation of dismissal signed by all parties who have appeared.

    (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

  (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (2007). As the Second Circuit made clear in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990):

Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano*, 900 F.2d at 14.

## ANALYSIS

Both parties involved here, ProMaxima and M-F Athletic, agree that M-F Athletic's indemnification claim against ProMaxima ought to be dismissed. ProMaxima seeks a dismissal *with* prejudice, and M-F Athletic seeks one without prejudice, since it plans to seek indemnification in a new action in Texas. The Court determines that ProMaxima's argument is persuasive and, in its discretion, dismisses the action *with* prejudice.

M-F Athletic made two cross-claims against ProMaxima: (1) for contribution and (2) for indemnification. In its Answer, ProMaxima raised two cross-claims against, *inter alia*, M-F Athletic:

> AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT AND THIRD-PARTY DEFENDANT:
>
> 53. Answering defendant denies that it was negligent and that it caused any incident involving plaintiffs or that it is liable for any damages claimed by plaintiffs, but if the trier of fact should find answering defendant liable for damages jointly with the co-defendant and third-party defendant, there exists a right of contribution over against co-defendant and/or third-party defendant and damages should be apportioned on the facts according to the relative responsibility of the parties.
>
> AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANT AND THIRD-PARTY DEFENDANT:
>
> 54. Answering defendant denies that it was negligent and that it caused any accident involving plaintiffs or that it is liable for any damages claimed by plaintiffs, but if the trier of fact should find answering defendant liable for damages jointly with the co-defendant and third-party defendant, there exists a right of indemnification over against co-defendant and/or third-party defendant, and damages should be paid in full by co-defendant and/or third-party defendant, together with costs, disbursements and attorneys fees.

(ProMaxima Answer (Docket No. 45), at 7–8.) Early in the trial, M-F Athletic reached a settlement with the Blooms, and in a signed stipulation, each of them agreed that: "the above entitled action be, and the same hereby is discontinued against M-F Athletic

Company, Inc. only on the merits and with prejudice, without costs to either party as against the other." (Stipulation (Docket No. 163), at 1.) New York General Obligations Law § 15-108(c) (McKinney 2010) provides that, "A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." The Court concludes, therefore, that M-F Athletic's claim for contribution is extinguished.

Regarding indemnification, ProMaxima argues that a valid indemnification claim requires that ProMaxima be liable to Plaintiff, and that since the jury determined that ProMaxima was not liable for the injury to Mr. Bloom, the doctrine of claim preclusion blocks M-F Athletic's indemnification claim against it. The Court agrees. As the New York Court of Appeals observed, "in indemnity the party *held legally liable* shifts the entire loss to another." *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24 (1985) (emphasis added); *see also Insurance Co. of the State of Pa. v. HSBC Bank USA*, 37 A.D.3d 251, 258–59 (N.Y. App. Div. 1st Dep't 2007) ("A cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person…."). M-F Athletic cites to *Atlantic Richfield Co. v. Interstate Oil Transp. Co.*, 784 F.2d 106, 112 (2d Cir. 1986) in support of its argument that its claim for indemnity has only lately become ripe for adjudication since it's settlement with the Blooms only recently occurred. (M-F Athletic Mem. of Law, at 6.) *Atlantic Richfield* cites to *The Toledo*, 122 F.2d 255, 257 (2d Cir. 1941) in which the Second Circuit stated: "A claim for indemnity, however, requires that an actual liability be sustained by the indemnitee, and if he settles a claim without a determination of the rights in question, he bears the risk of proving an actual liability in the action over for

indemnity." In this case, the indemnitee[1] is M-F Athletic and the indemnitor is ProMaxima.

The Restatement (Second) of Judgments discusses the relationship of a primary and secondary obligor to an injured party.

> In an important sense, however, there is only a single claim. The same loss is involved, usually the same measure of damages, and the same or nearly identical issues of fact and law. The substantive legal basis for vicarious responsibility rests largely on the notion that the injured person should have the additional security for recovery of his loss that is represented in imposition of liability on a person other than the primary obligor. The optional additional security thus afforded by rules of vicarious responsibility should not, however, afford the injured person a further option to litigate successively the issues upon which his claim to redress is founded. He is ordinarily in a position to sue both obligors in the same action and may justly be expected to do so. Beyond this, if he is allowed to sue the second obligor after having lost an action against the first, two anomalous consequences may result. First, he may be given recovery for conduct that has already been determined not to be wrongful. Second, if the first action is unsuccessfully maintained against the primary obligor, and the second successfully maintained against the person vicariously responsible, it could happen that the latter could obtain indemnity from the primary obligor. The result would be that the primary obligor would have to pay indirectly an obligation from which he had been directly exonerated.
>
> For these reasons, the rules of *res judicata* applicable in this situation should approximate those that govern when the same claim is successively asserted against a single defendant. The effect of the rule of this Section is that those rules are applicable, with exceptions that take account of contingencies resulting from the fact that two defendants are involved.

Restatement (Second) of Judgments, § 51. In an illustration of the rationale, the Restatement provides the following:

> P purchases goods from R, a retailer, who purchased them from M, a manufacturer. P brings an action against M, contending that the goods failed to conform to the standard of quality required by products liability law. A judgment for M precludes an action by P against R based on products liability law but does not preclude an action against R based on

---

[1] "The indemnitor is the party against whom indemnity is sought. The indemnitee is the party who is seeking to be indemnified." Restat 2d of Torts, § 886B

breach of a contractual representation by R that the goods were fit for the particular purpose intended.

Restatement (Second) of Judgments, § 51.

M-F Athletic is attempting to use its unilateral decision to settle the Blooms' claims against it as a basis for assessing liability against ProMaxima, notwithstanding that the jury decided ProMaxima was not liable. As the Restatement, detailed above, clarifies this would result in an anomalous consequence, *i.e*., allowing M-F Athletic to proceed against ProMaxima would result in an "undue vexatiousness" on M-F Athletic's part and the duplicative expense of relitigation. For those reasons, the Court denies M-F Athletic's motion to dismiss without prejudice and grants ProMaxima's motion to dismiss with prejudice.

## CONCLUSION

ProMaxima's motion (Docket No. 183) for summary judgment is granted and M-F Athletic's motion (Docket No. 188) for a voluntary dismissal without prejudice is denied. The Clerk is directed to enter judgment for ProMaxima against M-F Athletic on the latter's claims for contribution and for indemnification.

IT IS SO ORDERED.

Dated: January 4, 2011
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge